The President
delivered the opinion of the Court
There is no error in the proceedings in this cause, until we come to the judgment of the District Court, which is entered as if Christopher Hudson had been then living. The entry is s86 that the judgment of the County Court be affirmed, and that the appellee re cover, against the appellant, damages according to law %-Mo and costs &e„w
*98 The Court take no notice of the death of Christo pher, and yet that event had been regularly suggested upon the record, and the executor made a party by the service of the scire facias.
In the case of Gordon v. Bates, where the,executor was stated as a party, this Court affirmed the judgment with damages and costs, to be levied of the estate of the testator in the hands of the executor, if so much be had, if not, then the damages and costs of the executory proper goods.
The damages in that case being only one penny, they were not worth the attention of the Court. On reviewing that subject, we disapprove of that decision in awarding the damages against the proper estate of the executor, in case of deficiency in that of the testator, since the executor, in pursuit of his duty, only prosecuted an appeal entered by the testator himself.
The judgment of the District Court must be reversed, and that of the County Court affirmed, with damagevs from the time of entering the judgment in the County Court, to that of the affirmance in the District, Court, and the costs in the latter Court, to be levied of the estate of the testator in the hands of the executor, &c.*

 A Itinn ivas uuule, that íín» Clerk might be permitted to give a certificate of the above judgment, tobe entered in the District Court now sitting« .By the Court—This is a motion w hleh is never granted without strong reasons,, in general it is not permitted, as v/e m$y chango our opinions during the term, itis often granted, if the delay would endanger the debt. Wo sufficient rea^ *oa appearing in this ease, the motion is over-ruled,